# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA** )

**v.** )  2:00-CR-477-IPJ-PWG

**CLARK DERRICK DAWSON** )

### MEMORANDUM OF OPINION REGARDING ORDER GRANTING REDUCTION OF SENTENCE

Acting *sua sponte* pursuant to 18 U.S.C. § 3582(c)(2), this court has considered the motion for reduction of sentence filed in related case #2:01-CR-205-LSC-PWG and has considered the arguments made in that motion[1] in reaching its decision.  For the reasons stated herein, the court concludes that the sentence in the instant case should be reduced pursuant to 18 U.S.C. § 3582 effective November 1, 2007, and made retroactive by USSG §1B1.10, effective March 3, 2008.[2]  A separate order to that effect will be entered.

---

[1] The movant, acting by and through counsel, filed the motion (Doc. #36), on April 11, 2008, in case #2:01-CR-205-LSC-PWG.

[2] In the process of examining the merits of applying the crack amendment to the facts of #2:01-CR-205-LSC-PWG, that court became aware that the government had not filed a Rule 35 in the instant case.  Without such a motion, the movant remained subject to the mandatory minimum penalty of 120 months, the result being he would not have received any benefit from the reduction in sentence in case #2:01-CR-205-LSC-PWG.  This court, after receiving notice of this matter from the U.S. Probation Office, brought this to the attention of the government.  As a result, the government filed a Rule 35 motion for reduction of sentence (doc. # 40) which the court granted on May 8, 2008 (doc. # 41).

The movant argues in his motion that the court should rely on *United States v. Booker*, 125 S.Ct 738(2005) and *Kimbrough v. United States*, 128 S.Ct. 558(2007). This court is aware that there is currently much debate about whether the advisory nature of the sentencing guidelines announced in *Booker,* and extended in *Kimbrough,* should be applied retroactively to movant who was sentenced in both cases prior to 2005.[3] Since, however, the controlling case law in the Eleventh Circuit is that *Booker* and its progeny do not have retroactive application, that portion of movant's motion is denied.

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987. One of these amendments, number 706, represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses. In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

All of the proposed amendments, including the crack amendment, became effective on November 1, 2007.[4] Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the crack amendment retroactive. The effective date for retroactive

---

[3] The sentences were reduced pursuant to the Rule 35 motions, however, subsequent to the January 2005 *Booker* decision. Just as with a reduction of sentence pursuant to 18 U.S.C. §3582(c), the court was not required to have movant present and was not required to apply *Booker* and *Kimbrough* in ruling on the Rule 35 motions since these cases do not apply retroactively or in post-conviction proceedings. See Fed. R. Crim. Proc. 43; *Varela v. United States*, 400 F.3d 864911[th] cir. 2005); and *United States v. Moore*, 136 Fed. Appx. 284( 11th Cir. 2005).

[4] At this point, the crack amendment had no retroactive application.

application of the crack amendment became March 3, 2008.  The U.S.S.C. also amended Guideline § 1B1.10 to include the crack amendment (hereinafter referred to as "the amended policy statement").  As such, as of March 3, 2008, the crack amendment and amended policy statement apply to all relevant sentences, old and new. All of this was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

With that background, the court now turns to the instant matter regarding Clark Derrick Dawson who seeks the benefit of the crack amendment and the amended policy statement.  The focus of this inquiry is the 91-months sentence, the result of the Rule 35 motion filed by the government, and whether to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2)..

The following chart sets forth the application of the crack amendment to the instant case:

|  | Original Sentence | Retroactive Sentence Adjustment |
|---|---|---|
| **Total Offense Level** | 29 | 27 |
| **Criminal History Category** | II | II |
| **Imprisonment Range** | 00-477: 120-121 months | |
| **Departure** | N/A | N/A |
| **Sentence Imposed** | 00-477: 121 | |
| **Rule 35(b)/Remand** | 00-477: 91 months | 90 months[5] |
| **Designated Institution** | FCI Talladega | |
| **Institutional Adjustment** | Movant declined to participate in RDAP in 2002. Disciplined for possession of intoxicants and possessing unauthorized item in 2006. | |
| **Projected Release Date** | 3-21-2010 | January 2009 |

Pursuant to U.S.S.G § 1B1.10 (b), this court finds that movant is eligible for consideration for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and concludes that the crack amendment applies to the circumstances of movant. A separate order reducing the movant's sentence to 90 months will be entered.

Done this 13th of May 2008.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

---

[5] Applying the amended guideline to this case, the total offense level became 27, which with a criminal history category of II, resulted in a revised guideline "range" of 120 months, the statutory minimum. Then, with a comparable reduction of 25% from that "range" with the Rule 35, the new sentence becomes 90 months.

**NOTICE CONCERNING APPEALS**

  A § 3582(c) motion is considered a continuation of the criminal proceeding. A notice of appeal must be filed within ten days from the entry of the judgment or order being appealed. *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Starks*, 2008 WL 351386 (11th Cir. 2008); *Fed. R. App. P.* 4(b)(1)(A)(i). If the movant was represented by appointed counsel in the Northern District of Alabama at a trial or on appeal, movant will not be required to file a new application to proceed *in forma pauperis* on appeal from the denial of the § 3582(c)(2) motion. That status will be granted for appeal purposes. If movant was represented by counsel at trial or on direct appeal but believes he is now unable to afford counsel, movant should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when a notice of appeal from the denial of the § 3582(c)(2) motion is filed. The Clerk is **DIRECTED** to provide the movant with an application to proceed *in forma pauperis*.